L. CHARLES WRIGHT, Retired Appellate Judge.
The City of Gadsden initiated condemnation proceedings seeking to acquire permanent easements across several parcels of property for a storm water drainage project. One parcel of property, the property at issue on this appeal, was owned by Benny Doyle Denson and Doyle Denson.
The City obtained an appraisal of the property, valuing it at $30,750. On the basis of that appraisal the City began condemnation proceedings in the probate court.
The Densons retained Thomas E. Davis to represent them under a contingent fee agreement which provided that Davis would receive a fee “equal to 40% of said sum recovered by suit or settlement, in excess of the offered compensation of $30,-750.”
Following a hearing, the condemnation application was granted and commissioners were appointed who assessed condemnation damages for the Denson’s property in the amount of $47,000. Thereafter, the City abandoned the condemnation proceedings against the property at issue.
Subsequent to the abandonment, the Densons moved for an award of litigation expenses. The probate court determined that the Densons were entitled to an award of $6,500. The City appealed the probate *314 court’s order to the circuit court. Following a hearing, the circuit court affirmed the probate court’s award. The City appeals.
The award of litigation expenses following the abandonment of condemnation proceedings is governed by § 18-1A-232, Code 1975. That section provides the following:
“(a) The court shall award the defendant his litigation expenses, in addition to any other amounts authorized by law, if the action is wholly or partly dismissed for any reason.
“(b) If the scope of the property to be taken is reduced as a result of (1) a partial dismissal, (2) a dismissal of one or more plaintiffs, or (3) a final judgment determining that the plaintiff cannot take part of the property originally sought to be taken, the court shall award the defendant the portion of his litigation expenses attributable to the property within the scope of the reduction.
“(c) Costs and litigation expenses authorized by this section may be claimed, taxed, and awarded under the same procedures that apply to costs in other civil actions.”
Section 18-1A-3(12) defines “litigation expenses” as “[t]he sum of the costs, disbursements, and expenses, including reasonable attorney, appraisal, and engineering fees, necessary to prepare for anticipated or participation in actual probate or circuit court proceedings.”
In this case the general issue is whether the fee awarded the Densons is excessive and unreasonable. Because the $6,500 was awarded as attorney’s fees, the specific issue is whether the trial court abused its discretion in its award of attorney's fees.
The statute does not provide specific criteria to guide the trial court in its award of litigation expenses. Rather, it provides that the expenses shall be taxed and awarded as in other civil actions. Therefore, we must look to the law of this state to determine the reasonableness of the attorney’s fees.
In Peebles v. Miley, 439 So.2d 137 (Ala.1983), our supreme court set out the following criteria for the trial courts to consider when determining the reasonableness of attorney fees: (1) the value and nature of the subject matter of the employment; (2) the learning, skill, and labor requisite to its proper discharge; (3) the time consumed; (4) the professional reputation and experience of the attorney; (5) the weight of the attorney’s responsibilities; (6) the measure of success achieved; (7) the reasonable expenses incurred; (8) whether a fee is contingent or fixed; (9) the length and nature of the professional relationship; (10) the fee customarily charged in the community for similar services; (11) the likelihood that a particular employment may preclude other employment; and (12) the time limitations imposed by the circumstances or the client.
The reasonableness of an award of attorney fees is a matter within the discretion of the trial court. Such matter will not be reversed on appeal absent an abuse of that discretion. Lanier v. Moore-Handley, Inc., 575 So.2d 83 (Ala.1991). This court “must be able to discern from the record what factors the trial court considered in determining the amount of attorney fees.” Lanier.
In this case the trial court set out the factors that it considered in determining the reasonableness of the attorney fees in the following manner:
“This Court has carefully considered the nature of the subject matter of the employment of defendant’s counsel, the contingent fee agreement between counsel and defendants, and has carefully considered the learning, skill and effort necessary and proper for the discharge of said employment. The Court does further take notice of the professional experience and reputation of defendant’s counsel and the contingent nature of the fee contract which applies only to any amounts awarded in excess of the initial offer made by plaintiff at the outset of this condemnation action. The Court observes the award of the Commissioners was over fifty per cent higher than the initial offer. In view of this, and all other pertinent factors, the Court finds *315 that the offer of $6,500 is reasonable under the circumstances....”
The record supports the trial court’s findings.
Wayne Copeland, an Etowah County attorney with 35 years experience, testified that he has handled many condemnation matters and is familiar with the fee contracts of landowners in such matters. He testified that a contingent fee agreement with a client providing for a 40% fee of any amount received in excess of the original offer was normal and customary in Etowah County and reasonable. He testified that 40% is a normal and reasonable figure, though sometimes 50% is used. He testified that no attorney to his knowledge charges by the hour for defense of eminent domain litigation. He stated that in his opinion $6,500 was a reasonable and fair fee for litigation expense, regardless of the contingent fee contract.
Benny Denson testified that he met with Davis on seven or eight occasions before the commissioners assessed the condemnation damages and a number of times afterward. He testified that he spent approximately 20 hours discussing strategy with Davis. He testified that three or four realtors, appraisers, and engineers were contacted, but that he was not sure if they had been employed, as that was a matter for Davis’s determination.
Davis related to the court that he did not maintain time records because he had entered into the contingent fee agreement with the Densons. He stated that in addition to the 20 hours that he spent with Denson he devoted a substantial amount of time preparing for the case. The considerable amount of preparation time was due to the large parcel of land involved and the effect the condemnation proceedings would have upon the tenants of that property.
Based on our review of the record, it appears that the trial court properly considered the Peebles factors in making its determination. The fact that the award is equal to 40% of the amount assessed by the commissioners in excess of the original offer is of no import in this appeal. It appears from the record that the trial court did not consider the contingent fee arrangement as the most controlling factor— something which it is not allowed to do— Lanier; rather, he gave each factor its “proper interplay.” Peebles.
Though we may not have reached the same conclusion as the trial court, we cannot say that the trial court’s conclusion was an abuse of its discretion. This case is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.